UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SARMAD ALGBURI,                                    17-CV-1248-MJR
                                                   DECISION AND ORDER
                        Plaintiff,

        -v-

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

    Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States
Magistrate Judge conduct all proceedings in this case. (Dkt. No. 8).

    Plaintiff Sarmad Algburi brings this action pursuant to 42 U.S.C. §§405(g) and
1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social
Security denying him Supplemental Security Income Benefits ("SSI") under the Social
Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant
to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Algburi's
motion (Dkt. No. 12) is granted, the Commissioner's motion (Dkt. No. 15) is denied, and
this case is remanded to the Commissioner for further administrative proceedings
consistent with this Decision and Order.

## **BACKGROUND**

    On June 24, 2014, Algburi filed an application for SSI alleging disability since
January 1, 2010, due to brain and shoulder injuries, depression, and arthritis. (*See* Tr.
71, 141-47, 158).[1] Algburi was born in Iraq in 1975 and later moved to Turkey. (Tr. 51-
52). He immigrated to the United States in 2014. (Tr. 52). Prior to leaving Iraq, he was

---

[1]     References to "Tr." are to the administrative record in this case.

injured by an improvised explosive device. (*Id.*). He has not worked since coming to the United States. (*Id.*). He has a limited education, and cannot speak, read, or write English. (Tr. 52-53). Algburi's application was denied on October 15, 2014 (Tr. 71-87), after which he requested a hearing before an Administrative Law Judge (Tr. 88-90). On December 22, 2016, Administrative Law Judge Stephen Cordovani (the "ALJ") held a hearing at which Algburi testified with the assistance of an Arabic interpreter. (Tr. 45-70). Algburi was represented by a non-attorney representative at the hearing. (Tr. 20). On February 13, 2017, the ALJ issued his decision denying Algburi's SSI claim. (Tr. 17-35). Algburi requested review by the Appeals Council (Tr. 136), but on October 2, 2017, the Appeals Council denied Algburi's request, making the ALJ's decision the final decision of the Commissioner (Tr. 1-6). This action followed.

## DISCUSSION

I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*,

312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     Standards for Determining "Disability" Under the Act

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 to Subpart P of Part 404 of

the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.*

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.*

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to

the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating disability claims. Under step one, the ALJ found that Algburi has not engaged in substantial gainful activity since June 24, 2014, his application date. (Tr. 22). At step two, the ALJ concluded that Algburi has the following severe impairments: "headaches status post head injury, degenerative disc disease of lumbar spine, degenerative joint disease of right knee, status post chondroplasty and partial excision of the anterior cruciate ligament, parasitic infection status post liver surgery, right shoulder injury, post-traumatic stress disorder, [and] adjustment disorder." (*Id.*). At step three, the ALJ found that Algburi does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id.*). Before proceeding to step four, the ALJ assessed Algburi's RFC, in pertinent part, as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work . . . . The claimant may occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. He is precluded from kneeling, crawling, and crouching or from working on uneven ground. The claimant requires a cane to ambulate. He is able to understand, remember, and carry out simple tasks. The claimant is limited to working in a low stress environment. This is defined as having no supervisory duties, no independent decision-making, no strict production quotas. It further entails only minimal changes in work routine and process. The claimant may have frequent interactions with supervisors, co-workers, and the general public.

(Tr. 24). Proceeding to step four, the ALJ found that Algburi has no past relevant work. (Tr. 29). Thus, at the fifth step, the ALJ considered Algburi's age, education, work experience, RFC, and the testimony of a vocational expert to conclude that Algburi can

perform jobs that exist in significant numbers in the national economy, such as bench worker, bonder, and assembler. (Tr. 29-30). Accordingly, the ALJ found that Algburi has not been under a disability within the meaning of the Act from his application date of June 24, 2014. (Tr. 30).

IV.   *Algburi's Challenge*

Algburi argues, *inter alia*, that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly evaluate his credibility. (Dkt. No. 12-1 (Algburi's Memo. of Law) at 31-35). The Court agrees that this was error.

"Evidence of pain is an important element in the adjudication of . . . SSI claims, and must be thoroughly considered in calculating the RFC of a claimant." *Meadors v. Astrue,* 370 F. App'x 179, 183 (2d Cir. 2010) (summary order). "While subjective pain may serve as the basis for establishing disability, even if such pain is unaccompanied by positive clinical findings, the ALJ is nonetheless empowered to exercise discretion to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *Taylor v. Barnhart*, 83 F. App'x 347, 350 (2d Cir. 2003) (summary order) (internal quotation marks and citation omitted).

The regulations provide for a two-step inquiry to evaluate a claimant's contentions of pain. "First, the ALJ must determine whether the medical signs or laboratory findings show that a claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms." *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013) (summary order). "If so, the ALJ 'must then evaluate the intensity and persistence of [the claimant's] symptoms' to determine the extent to which the symptoms

limit the claimant's capacity for work." *Id.* (alteration in original) (quoting 20 C.F.R. §416.929(c)(1)). "The ALJ is required to consider all available evidence, including the claimant's history, medical signs and laboratory findings, and statements from the claimant, the claimant's treating or nontreating source, or other persons about how the symptoms affect the claimant." *Id.* at 75-76. If the claimant alleges "symptoms of greater severity than can be established by the objective medical findings, the ALJ will consider other evidence, including factors such as daily activities; the nature, extent, and duration of symptoms; and the treatment provided." *Skiver v. Colvin*, No. 12-CV-899-JTC, 2014 WL 800228, at *6 (W.D.N.Y. Feb. 28, 2014) (citing 20 C.F.R. §416.929(c)(3)). Specifically, the ALJ must assess the claimant's subjective complaints of pain by evaluating the following factors:

> (i)   [The claimant's] daily activities;
>
> (ii)  The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv)  The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [the claimant's] pain or other symptoms;
>
> (v)   Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [the claimant's] pain or other symptoms;
>
> (vi)  Any measures [the claimant] use[s] or ha[s] used to relieve pain or other symptoms . . .; and
>
> (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

*Cichocki*, 534 F. App'x at 76 (alterations in original) (quoting 20 C.F.R. §416.929(c)(3)).

"If, after considering [the claimant's] subjective testimony, the objective medical evidence and any other factors deemed relevant, the ALJ rejects [the claimant's] subjective testimony, he must explain that decision explicitly and with sufficient specificity that a reviewing court may be able to decide whether there are legitimate reasons for the [ALJ's] disbelief and whether his decision is supported by substantial evidence." *Norman v. Astrue,* 912 F. Supp. 2d 33, 43 (S.D.N.Y. 2012) (citation omitted). If the ALJ's credibility determination is not sufficiently detailed so as to "permit the reviewing court to determine whether there are legitimate reasons for the ALJ's disbelief and whether his decision is supported by substantial evidence, remand is appropriate." *Fernandez v. Astrue,* No. 11-CV-3896(DLI), 2013 WL 1291284, at *18 (E.D.N.Y. Mar. 28, 2013).

In this case, the ALJ recognized his duty to conduct the two-step inquiry. (Tr. 24). In conducting the inquiry, the ALJ concluded "[a]fter careful consideration of the evidence" that Algburi's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (Tr. 25). The ALJ went on to recount portions of the medical records, but never stated an express conclusion as to why he found Algburi not credible. (Tr. 24-29).

The Court finds that the ALJ committed legal error in evaluating Algburi's credibility concerning his symptoms of pain. First, the ALJ's decision does not make clear whether he actually considered all of the factors outlined above. Second, the ALJ's decision fails to explain his credibility determination "explicitly and with sufficient specificity that a reviewing court may be able to decide whether there are legitimate reasons for the [ALJ's]

disbelief and whether his decision is supported by substantial evidence." *Norman*, 912 F. Supp. 2d at 43 (citation omitted); *see also Spear v. Astrue*, No. 13-CV-6017P, 2014 WL 4924015, at *20 (W.D.N.Y. Sept. 30, 2014) ("A recitation of the evidence, without more, is insufficient to permit this Court to review the ALJ's credibility determination."); *Fernandez,* 2013 WL 1291284, at *19 ("The ALJ . . . erred in failing to provide any further basis for finding [p]laintiff not credible and did not evaluate [p]laintiff's testimony in light of the seven factors as required."); *Felder v. Astrue,* No. 10-CV-5747(DLI), 2012 WL 3993594, at *15 (E.D.N.Y. Sept. 11, 2012) ("Because the ALJ did not discuss . . . all the applicable factors set forth in [the regulations] in making her credibility determination analysis, the ALJ has committed legal error."); *Johnson v. Astrue,* 748 F. Supp. 2d 160, 174 (N.D.N.Y. 2010) (remanding to permit the ALJ to "provide a more thorough explanation" for his credibility assessment). "A remand for further proceedings under these circumstances is appropriate because [the] Court is unable to evaluate whether the ALJ's credibility determination is supported by substantial evidence." *Spear*, 2014 WL 4924015, at *20.[2]

---

[2]    Because the ALJ erred in assessing Algburi's credibility, the Court does not reach Algburi's other arguments. *See Spear*, 2014 WL 4924015, at *20.

## **CONCLUSION**

For the foregoing reasons, Algburi's motion for judgment on the pleadings (Dkt. No. 12) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 15) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:     April 12, 2019
           Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge